O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIN MICHAEL McCORMACK, | ) | Case No. CV 11-08728 DDP (DTBx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| | ) | **TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | ) | **FOR LACK OF SUBJECT MATTER** |
| | ) | **JURISDICTION** |
| CLIFTON ROBERT STULTS, | ) | |
| MICHAEL EDWARD MARTINEZ, | ) | [Docket No. 10] |
| BRICKS AND FIGS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Presently before the court is Defendants' Motion to Dismiss Complaint for Lack of Jurisdiction under Fed. R. Civ. P. 12(B)(1), or in the Alternative Motion for Transfer of Case to Eastern Division of the Central District ("Motion").  Having reviewed the parties' moving papers, the court GRANTS the Motion to Dismiss and adopts the following Order.

   On July 28, 2011, Plaintiff filed suit against Defendants in this court, alleging state law claims for defamation, false light/right to privacy, intentional infliction of emotional distress/civil extortion, intentional interference with prospective economic relations, conversion, breach of contract, and declaratory

and injunctive relief. According to Plaintiff's Complaint, Plaintiff and Defendants were involved in a dispute involving Plaintiff's $192.03 online purchase of "Lego sets" from Defendants. The dispute escalated and Defendants allegedly published online postings falsely accusing Plaintiff of criminal and unethical conduct "pertaining to attorneys and client trust accounts." Among other relief, Plaintiff seeks $100,000 in compensatory damages, plus punitive damages and attorney's fees. Plaintiff alleges that Defendants' defamatory postings caused him to suffer loss of income, reputational harm, and emotional distress.

"A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001), overruled on other grounds by Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Id. Here, the parties agree that the case does not arise under federal law, and that the complete diversity of citizenship requirement is satisfied. Accordingly, the only issue is whether the amount in controversy has been shown sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

Defendants argue that Plaintiff's conclusory allegation that he is entitled to $100,000 in damages is insufficient to meet the amount in controversy requirement. The court agrees. "Generally, the amount in controversy is determined from the face of the

2

pleadings." Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). "The sum claimed by the plaintiff controls so long as the claim is made in good faith." Id. Although the court is sympathetic to Plaintiff's allegations here, if true, Plaintiff has not met his burden of offering any specific facts or evidence to support the claimed damages amount. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006) (noting that in order to ascertain whether the amount in controversy satisfies the jurisdictional minimum, courts can consider facts and "summary-judgment-type evidence relevant to the amount in controversy" (internal quotation marks omitted)).

For instance, neither Plaintiff's Complaint nor his Opposition to this Motion allege Plaintiff's past or present income, or how much it decreased as a result of Defendants' actions. Nor does Plaintiff allege that any particular client or employer in fact declined Plaintiff's services due to Defendants' actions. The failure to provide such details in response to Defendants' Motion leads the court to conclude that there is no good faith basis at this time on which to claim damages in an amount equal to or greater than $75,000. Cf. Crum, 231 F.3d at 1131 (reversing a dismissal where the plaintiff had broken down the alleged damages, explaining how she exceeded the $75,000 mark). The court therefore concludes that it lacks subject matter jurisdiction.

Plaintiff also asks the court to remand this matter to state court, if it finds jurisdiction lacking. The court could only do so if the case had been originally filed in state court then removed. The court notes, however, that Plaintiff may now file suit in state court, and that any relevant statutes of limitation

3

1 are potentially subject to equitable tolling for Plaintiff's
2 reasonable mistake in filing in federal court.
3     For all these reasons, the court grants Defendants' Motion and
4 dismisses the action for lack of subject matter jurisdiction.

6 IT IS SO ORDERED.

9 Dated: April 12, 2012
                                         DEAN D. PREGERSON
10                                       United States District Judge

4